**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10534 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01222-NVW-1 |
| v. | |
| JOSE ARNULFO MARTINEZ, AKA Joe Arnulfo Martinez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted November 19, 2014
San Francisco, California

Before: BERZON and RAWLINSON, Circuit Judges, and BUCKLO, Senior
District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Elaine E. Bucklo, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

Appellant Jose "Joe" Martinez was convicted under 18 U.S.C. § 2243(b) of six counts of sexual abuse of inmates he guarded at a federal penitentiary in Phoenix.

**1.** The district court did not abuse its discretion in denying Martinez a discovery order and subpoena for employment records of other guards who allegedly engaged in sexual conduct with inmates. A defendant seeking discovery in a selective prosecution case must provide "some evidence tending to show the existence of the essential elements of the defense," namely, "discriminatory effect and discriminatory intent." *United States v. Armstrong*, 517 U.S. 456, 468 (1996) (quoting *United States v. Berrios,* 501 F.2d 1207, 1211 (2nd Cir. 1974)). Such burden requires "a credible showing of different treatment of similarly situated persons." *Id.* at 470. Although Martinez's subpoena request named five other prison guards—two black males and three females—who he claims were not prosecuted for similar conduct, he has not shown that those guards were in fact "similarly situated." *Id.*

Martinez was initially charged with six counts of sexual abuse of a ward, 18 U.S.C. § 2243(b), and five counts of aggravated sexual abuse of a ward through use of force, 18 U.S.C. § 2241(a). Although the aggravated counts were eventually dismissed, at the time the government decided to prosecute Martinez it viewed the facts as establishing the use of force. Martinez has not shown that his proposed

comparators were also suspected of using force; if they were not, the government's decision not to prosecute them is precisely the kind of executive decision the Supreme Court has urged the judiciary not to second-guess. *See Armstrong*, 517 U.S. at 465; *Wayte v. United States*, 470 U.S. 598, 607–608 (1985). Further, the numbers involved—three females and two black men—are likely too small to "tend[] to show" discriminatory effect on the basis of race or sex, as a purely statistical matter, *Armstrong*, 517 U.S. at 468 (quoting *Berrios*, 501 F.2d at 1211), and the privacy interests of the employees whose records were sought justified caution in allowing detailed discovery into their personnel files. That counsel for Martinez was able to contact and interview the family of at least one of the individuals named in the subpoena underscores our conclusion that the *Armstrong* standard was not unduly burdensome in this case.

2. The district court did not plainly err in requiring Martinez, as a condition of supervised release, to register as a sex offender. The Sex Offender Registration and Notification Act (SORNA) defines a "sex offense" as, inter alia, a "Federal offense . . . under section 1591, or chapter 109A." 42 U.S.C. § 16911(5)(A)(iii). SORNA specifies that offenses involving consensual sexual conduct are not sex offenses for purposes of the Act if the victim was an adult, "*unless* the adult was under the custodial authority of the offender at the time of the

3

offense." *Id.* at § 16911(5)(C) (emphasis added). Sexual assault of a ward, 18 U.S.C. § 2243(b), is an offense under chapter 109A, and requires that the offender have custody of the inmate with whom he or she engaged in sexual activity. Therefore, the registration provision of SORNA, 42 U.S.C. § 16913, which requires a "sex offender"—"an individual who was convicted of a sex offense," *Id.* at § 16911(1)—to register "in each jurisdiction where the offender resides [and] where the offender is an employee," applies to Martinez.

**AFFIRMED**.